IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULINA GUIROLA DE DAVID, CORPORACION DE FIANZAS, CONFIANZA S.A., CARLO MAURO-RHODIO GUZMAN, JESUS ALBERTO QUIROA MONTEPEQUE ASESORES REGIONALES, S.A., DE C.V., CORPORACION DE INVERSIONES EN OPCIONES Y FUTUROS, S.A., ESBA S.A., JOSE MIGUEL GAITAN ALVAREZ, RICARDO RAMON MAZARIEGOS CATELLANOS AND MARIA VIRGINIA GAITAN DE MAZARIEGOS, JULIO ROBERTO PINEDA AVILA, FRANCISCO JAVIER PAZ PINEDA, JUAN FERNANDO PEREZ MARROQUIN, DIDIER PATRICK WURSTER, ALFREDO PRADANOS VALDIZAN, ALBA MARIA MARLENNE MEANY VALERIO DE HAGE AND NORMA LISSETTE HERNANDEZ SANCHEZ, SAMUEL ANTONIO CHARUCO SAGASTUME, CORPORACION INTEGRAL DE INVERSIONES, S.A., <br><br>            Plaintiffs, <br>    v. <br><br> ALARON TRADING CORPORATION d/b/a ALARON LATIN AMERICA, ALBERTO ALVAREZ, JOSE ("PEPE") ORTEGA, ALBERTO TARAFA, yet undetermined principals and yet undetermined persons, <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  10 CV 3502 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

On January 17, 2012, defendant Alaron Trading Corporation ("Alaron") and its co-defendants filed a motion to disqualify plaintiffs' original counsel, J.B. Grossman ("Grossman"). Alaron alleged that in 2006, one of its employees, George de Marcilla, met with Grossman and shared confidential information for the purpose of securing legal advice. Four years later,

plaintiffs– represented by Grossman– filed the instant suit. On April 23, 2012, the court granted Alaron's motion and disqualified Grossman as plaintiffs' attorney, finding that Grossman had violated his ethical obligations under ABA Rule 1.18(a) by representing a client whose interests were materially adverse to a prospective client. Alaron has now moved for sanctions against plaintiffs for the actions of their previous counsel, seeking either to dismiss the action, compel plaintiffs to re-file their complaint, or restrict plaintiffs' access to previous counsel's work product. Alaron has also moved this court to reconsider its July 27, 2012 order denying Rule 11 sanctions against plaintiff Paulina Guirola de David ("de David"). For the reasons stated below, both motions are denied.

**A.    Motion for Sanctions for the Actions of Plaintiffs' Previous Counsel**

Plaintiffs' original counsel, Grossman, committed an ethical violation by representing plaintiffs in a case filed against his potential client. As a result of this violation, the court imposed the appropriate sanction on the appropriate party: Grossman has been disqualified from serving as plaintiffs' counsel. The court rejects the contention that this entire action should be dismissed, or that plaintiffs should be forced to re-allege the claims in their complaint (which is tantamount to a dismissal without prejudice) due to the conduct of their previous counsel.

Based on the testimony during the disqualification hearing, the only information that de Marcilla gave Grossman in their 2006 meeting that could be classified as confidential was the fact that defendant was concerned about being subject to U.S. jurisdiction and violating U.S. law by making certain guarantees about returns on investment. That information is totally irrelevant to plaintiffs' claims. Although the information could be relevant to Alaron's knowledge that such

guarantees were being made, at the time the suit was filed plaintiffs knew what guarantees had been made to them, and current counsel didn't need the de Marcilla – Grossman communication to learn that.

To prohibit plaintiffs or their current lawyer from using anything de Marcilla told Grossman would unnecessarily suppress evidence and would be unworkable going forward. It would no doubt spawn recurring discovery disputes any time defendant could tie any evidence to those disclosures. It would also effectively punish plaintiffs for Grossman's unethical conduct, which did not involve any of the plaintiffs and occurred years before they filed suit.

Further, the court's order disqualifying Grossman was entered on April 23, 2012. Plaintiffs were then allowed to obtain new counsel and no stay of discovery was ordered. Defendant did not move to restrict plaintiffs' substitute counsel from viewing or using Grossman's work product until August 25, 2012. In cases where parties have successfully argued for restricted access to or use of work product from a disqualified attorney, the moving parties made timely motions as soon as substitute opposing counsel sought to obtain access to the records in question. See, e.g., Wagner v. Lehman Bros. Kuhn Loeb, Inc., 683 F. Supp. 189, 191 (N.D. Ill. 1987); In re George, 28 S.W.3d 511, 513 (Tex. 2000). The court in In Re George specifically noted that the issue of work product restrictions becomes ripe as soon as counsel is disqualified. In re George, 28 S.W.3d at 513. By waiting four months from the date of that order (and one month after new counsel appeared) to file their motion for sanctions limiting access to Grossman's work product, defendant has made it virtually impossible to place any meaningful limit on the evidence and discovery materials that may be used by plaintiffs or their new counsel, even if the court were to impose such sanctions.

3

For the reasons stated above, the motion for sanctions (Doc. 202) is denied.

B.       **Motion for Reconsideration of Rule 11 Ruling**

On April 2, 2012, defendant filed a Rule 11 motion asking the court to impose sanctions on plaintiff de David for allegedly submitting a knowingly false pleading. On July 27, 2012, the court denied the motion, in part because defendant had failed to comply with the safe harbor provision of Rule 11(c)(2), which requires the movant to serve the opposing party at least twenty-one days before filing a motion for sanctions with the court. Defendant now asks the court to reconsider this ruling.

The motion to reconsider filed on August 25, 2012 (Doc. 206), focused only on the safe harbor compliance issue. Defendant states that it did comply with the safe harbor provision of Rule 11 by notifying plaintiffs' counsel twenty-four days before filing the original Rule 11 motion with the court. Because defendant's compliance with the safe harbor provision was not mentioned in the original Rule 11 motion, only in the notice of motion, however, the court was unaware that defendant had complied.

To further support its motion to reconsider, defendant has attempted to raise other grounds besides safe harbor compliance in its reply memorandum. The failure to mention any of these additional grounds in the initial motion to reconsider, however, results in the waiver of these arguments. See Citizens Against Ruining The Env't v. E.P.A., 535 F.3d 670, 675 (7th Cir. 2008) ("It is improper for a party to raise new arguments in a reply because it does not give an adversary adequate opportunity to respond."). Moreover, the safe harbor compliance issue was only one of many reasons for the court's denial of the motion for Rule 11 sanctions, including

4

the court's preference to decide whether such sanctions would be appropriate after the case is litigated on the merits.

For these reasons, defendant's motion to reconsider (Doc. 206) is denied.

## CONCLUSION

For the reasons stated above, defendant's motion for sanctions (Doc. 202) and motion to reconsider (Doc. 206) are denied.

**ENTER:** October 11, 2012

_____
**Robert W. Gettleman
United States District Judge**